IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

COREY L. ROBINSON,
    Plaintiff,

vs.                                Case No.: 3:05cv45/RV/EMT

CHAPLAIN LEGGETT,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court upon Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. §1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (*see* Doc. 7).

    Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923

(11th Cir. 1997). Upon review of the complaint, this Court concludes that dismissal of Plaintiff's claim is warranted.[1]

At all times relevant to this action, Plaintiff was incarcerated at the Escambia County Jail ("Jail"). The sole named Defendant is Mr. Leggett, Chaplain at the Jail (*see* Doc. 1 at 2). Plaintiff alleges on December 16, 2004, he was told by a correctional officer that a videotape was being shown for inmates interested in obtaining information about the Islamic faith (*id*. at 7). Petitioner viewed the video and was offended at its portrayal of Islam, therefore, he complained to several correctional officers, as well as Chaplain Leggett (*id*.). Plaintiff alleges Chaplain Leggett shared Plaintiff's view, apologized for the content, and admitted the video should have been prescreened before it was shown to inmates (*id*.). Plaintiff contends Chaplain Leggett violated Article 1, Section 3 of the Florida Constitution by showing the videotape (*id*. at 8). Plaintiff seeks injunctive relief in the form of an order requiring the Jail to respect the Islamic faith (*id*.).

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds,* Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Duke v. Cleland, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing Parratt).

In the instant case, Plaintiff does not allege Chaplain Leggett's conduct deprived him of a right under the Constitution or any federal law; rather, he alleges the conduct deprived him of a right guaranteed by the constitution of the State of Florida. Furthermore, even if Plaintiff alleged a violation of his First Amendment right, the facts alleged fail to state a constitutional claim. "In the First Amendment context . . . a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495

---

[1]Plaintiff has not filed a motion to amend his complaint, therefore, the court is not required to grant him leave to amend his complaint prior to dismissing it. *See* Cruz v. Aladro, No. 04-14671, 2005 WL 927998, at *1 (11th Cir. 2005).

Case No: 3:05cv45/RV/EMT

(1974); Lawson v. Singletary, 85 F.3d 502, 509 (11th Cir. 1996).  A prisoner's right to exercise his religion is not absolute; it is only required that he be accorded a reasonable opportunity to pursue his religion.  Cruz v. Beto, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972) (per curiam).  Thus, while inmates maintain a constitutional right to freely exercise their sincerely held religious beliefs, this right is subject to prison authorities' interests in maintaining safety and order.  O'Lone v. Estate of Shabazz, 482 U.S. 342, 345, 107 S.Ct. 2400, 2402, 96 L.Ed.2d 282 (1987); Turner v. Safley, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); Cruz v. Beto, *supra*.  The Supreme Court held in Turner that when a prison regulation or policy impinges upon an inmate's constitutional rights, the policy is valid if it is reasonably related to legitimate penological interests.  Turner, 482 U.S. at 89-91, 107 S.Ct. at 2261-63;  Pope v. Hightower, 101 F.3d 1382, 1384 (11th Cir. 1996).  Prison administrators should be given great deference in adopting and executing policies and practices.  Absent substantial evidence in the record indicating that officials exaggerated their response to considerations of order, discipline, and security, courts ordinarily should defer to their judgment.  *See* Bell v. Wolfish, 441 U.S. 520, 547, 99 S.Ct. 1861, 1877, 60 L.Ed.2d 447 (1979); *see also* McCorkle v. Johnson, 881 F.2d 993 (11th Cir. 1989).

The recently enacted Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides a standard of review less deferential to prison officials:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person . . . . is in furtherance of a compelling governmental interest[ ] and . . . is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a).

This legislation was passed, at least in part, in response to the Supreme Court's decision in City of Boerne v. Flores, 521 U.S. 507, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997), where the Court held the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb, *et seq.*, was unconstitutional as applied to the states because it exceeded Congress's authority under the Fourteenth Amendment of the Constitution.  The Court's decision in Boerne marked the return to the standard employed in Employment Division., Dept. of Human Resources of Oregon v. Smith, 494 U.S. 872 (1990), and in the context of prison cases, O'Lone v. Shabazz, *supra*, which was the Turner "reasonableness" standard.

Case No:  3:05cv45/RV/EMT

In the instant complaint, Plaintiff does not assert violations of RLUIPA.  Furthermore, to the extent he contends his rights under the First Amendment were violated by the showing of the video, under no set of facts can he establish a constitutional claim, applying either the Turner "reasonableness" standard or the RLUIPA "compelling interest/least restrictive means" standard.  Plaintiff does not allege that the practice of his religious beliefs was affected by Chaplain Leggett's showing the video or failing to pre-screen it.  Although he alleges the video "ma[de] a mockery" of his faith (*see* Doc. 1 at 8), Plaintiff does not affirmatively state how Chaplain Leggett's conduct affected his ability to practice his religion.  Accordingly, to the extent he raises a First Amendment claim, it is subject to dismissal.

For the aforementioned reasons it is respectfully **RECOMMENDED**:

1. That this action be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. That the clerk be directed to close the file.

At Pensacola, Florida this 6th day of May 2005.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**
Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636;** United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**